This version contains an errata issued on 1Dec90 - e

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-200

Mamie Gordon,                                                             Appellant,

v.

Hershel W. Gober,
Acting Secretary of Veterans Affairs,                          Appellee.


Before HOLDAWAY, STEINBERG, and GREENE, *Judges.*


**O R D E R**

The appellant appeals through counsel a November 25, 1998, decision of the Board of Veterans' Appeals (Board or BVA) that determined that she had not submitted a timely request for a waiver of recovery by the Department of Veterans Affairs (VA) of overpayment of death benefits. Record (R.) at 2. The appellant filed an informal brief, and the Secretary filed a motion for single-judge affirmance. Subsequently, counsel entered the case for the appellant, and the appeal was referred to this panel for consideration on September 21, 2000.

In his motion, the Secretary does not address whether 38 C.F.R. § 1.962 (1999), entitled "**Waiver of overpayments**", is applicable to this case. Instead, he relies solely, as did the Board, on the denial of the appellant's claim on the ground that 38 C.F.R. § 1.963(b)(2) (1999) sets forth a 180-day period that serves as a deadline for the submission of an application for a waiver and that, in this case, no such waiver application was timely received. Motion at 3-4; *see also* R. at 3-5.

Both §§ 1.962 and 1.963 were promulgated in July 1974. *See* 39 Fed. Reg. 26,400. As then promulgated, § 1.962 contained no application-deadline provision and § 1.963 contained a 2-year waiver-application deadline. *Compare* 38 C.F.R. § 1.962 (1975) *with* 38 C.F.R. § 1.963 (1975). Both regulations were revised in September 1985, and the following uncategorical language was added to § 1.962 at that time: "There shall be no collection of an overpayment, or any interest thereon, which results from participation in a benefit program administered under any law by VA when it is determined by a regional office Committee on Waivers and Compromises that collection would be against equity and good conscience." The language appears to have been added without explanation. *See* 549 Fed. Reg. 45,870 (proposed rule making); 50 Fed. Reg. 38,802 (1985) (publishing final amended regulation).

Thus, it appears that §§ 1.962 and 1.963 may conflict with each other; although § 1.962 expressly forbids collection in a case where collection "would be against equity and good

conscience", § 1.963 states that "[a] request for waiver of an indebtedness . . . shall only be considered . . . if made within 180 days following the date of a notice of indebtedness". 38 C.F.R. § 1.962, 1.963(b)(2) (1999). In that regard, the underlying statutory provision provides:

> (a) There shall be no recovery of payments or overpayments (or any interest thereon) of any benefits under any of the laws administered by the Secretary whenever the Secretary determines that recovery would be against equity and good conscience, if an application for relief is made within 180 days from the date of notification of the indebtedness by the Secretary to the payee, or within such longer period as the Secretary determines is reasonable in a case in which the payee demonstrates to the satisfaction of the Secretary that such notification was not actually received by such payee within a reasonable period after such date. The Secretary shall include in the notification to the payee a statement of the right of the payee to submit an application for a waiver under this subsection and a description of the procedures for submitting the application.

38 U.S.C. § 5302(a). Thus, the Court notes, the absolute prohibition against indebtedness recovery in § 1.962 ("There shall be no collection") may be inconsistent with the implication in the statutory section 5302 that the prohibition obtains only if "an application for relief is made within 180 days from the notification of indebtedness". 38 U.S.C. § 5302(a).

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file, and serve on the appellant, a memorandum addressing the above matters as well as the question of the potential applicability of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), to the disposition of this appeal. *See In Re: Veterans Claims Assistance Act of 2000*, Misc. No. 4-00 (Nov. 13, 2000) (en banc). It is further

ORDERED that, not later than 30 days after service of the Secretary's memorandum, the appellant file a memorandum in response. It is further

ORDERED that, not later than 30 days after the Secretary files his supplemental memorandum, any interested individual or entity is invited to file a memorandum addressing the matters set forth above, including but not limited to responses to points made in the Secretary's supplemental memorandum. Any such interested individual or entity that intends to file such an amicus memorandum is requested to notify the Clerk of the Court of such intention, not later than 5 days after the Secretary files his supplemental memorandum.

DATED: November 27, 2000                    PER CURIAM.

2