# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-200 (E)

MAMIE L. GORDON, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided  August 8, 2003  )

*Victoria A. Phillips*, of Washington, D.C., was on the pleadings for the appellant.

*Tim S. McClain*, General Counsel; *Joan E. Moriarty*, Acting Assistant General Counsel; *Darryl A. Joe*, Acting Deputy Assistant General Counsel; and *Allyn L. Engelstein*, all of Washington, D.C., were on the pleading for the appellee.

Before KRAMER, *Chief Judge*, and STEINBERG and GREENE, *Judges*.

STEINBERG, *Judge*:  The appellant, the unremarried widow of veteran Sydney Gordon, previously appealed pro se a November 25, 1998, decision of the Board of Veterans' Appeals (Board or BVA) that had denied her request for waiver of recovery of the overpayment of Department of Veterans Affairs (VA) non-service-connected-death-pension benefits on the ground that the waiver application was not timely filed.  *Gordon v. Principi*, 15 Vet.App. 124, 125 (2001).  After the appellant filed an informal brief, counsel entered an appearance in the case for her.  On July 23, 2001, the Court vacated that Board decision and remanded the matter for readjudication. *Id.* at 129. Currently pending before the Court is the appellant's application, timely filed through counsel, for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).  The Secretary has filed a response in opposition to the application, and the appellant has filed a reply. For the reasons that follow, the Court will deny the EAJA application.

## I. Relevant Background

The relevant background of this case is set out in full in the opinion on the merits, *Gordon*, 15 Vet.App. at 125-26, and will not be repeated here. In that opinion, the Court noted that the appellant, through counsel, had argued in her supplemental brief that the Board decision should be reversed because the Board had failed to consider and apply to her waiver request 38 C.F.R. § 1.942 (2000) ("Termination of collection activity"). *Gordon*, 15 Vet.App. at 126. The Court noted that the Secretary had not sought leave to file a response to this supplemental brief, wherein the appellant had raised the argument regarding § 1.942 for the first time, and that the regulation had not yet been considered in any precedential court decision. *Id.* at 127-28. Citing to *Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000), the Court vacated the Board decision and remanded for the Board to consider in the first instance whether that regulation was applicable to the appellant's case. In so doing, the Court determined that any further consideration of the newly raised issue could benefit from additional development of the record or VA factfinding regarding whether the appellant met the requirements of the regulation. *Gordon*, 15 Vet.App. at 128. In addition, the Court stated that "the regulation appears to have discretionary rather than mandatory application . . . and [that] the Court would benefit from allowing the Board to consider exercising that discretionary authority prior to our undertaking review of this matter." *Ibid.* Finally, the Court noted that it was not, at that time, expressing a view as to whether VA's exercise of its § 1.942 termination authority is a matter that this Court may properly review. *Ibid.* Citing in its concluding paragraph to § 1.942 and other provisions, the Court directed the Board to further develop the matter and to issue a readjudicated decision supported by an adequate statement of reasons or bases, as required by 38 U.S.C. § 7104(a), (d)(1). *Gordon*, 15 Vet.App. at 129. Following the Court's denial of the Secretary's motion for reconsideration, the Court issued its mandate on December 4, 2001.

On December 21, 2001, the appellant filed her EAJA application seeking $12,873.48 in attorney fees and expenses. She asserts that she is a prevailing party under the EAJA because this Court vacated the BVA decision and remanded her waiver request. Application (Appl.) at 2. She also argues that the position of the Secretary was not substantially justified at the administrative stage because the Board's decision was not supported by an adequate statement of reasons or bases. Appl. at 3-4. As to the litigation stage, she contends that the position of the Secretary was not

2

substantially justified because he failed to consider the applicability of § 1.942 to her waiver request, even after she filed her supplemental brief asserting that argument. Appl. at 5-6.

In response, the Secretary argues that the appellant is not a prevailing party because the Court's remand was not predicated upon administrative error and, therefore, the appellant cannot demonstrate that she received "'some relief on the merits'". Response (Resp.) at 6 (quoting *Sumner v. Principi*, 15 Vet.App. 256, 264 (2001) (en banc), *aff'd sub nom. Vaughn v. Principi,* __ F.3d __, 2003 WL 21707273 (Fed. Cir. July 24, 2003) [hereinafter *Vaughn II*]). The Secretary further argues that, because the appellant is not a prevailing party, the Court need not address whether the Secretary's position was substantially justified. Resp. at 8.

The appellant counters essentially that this Court's opinion in *Sumner*, *supra*, was wrongly decided because the U.S. Supreme Court's decisions in *Shalala v. Schaefer*, 509 U.S. 292 (1993), and *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), do not require a determination of administrative error for a party to qualify as a prevailing party. Reply at 2. She alternatively argues that she is a prevailing party under *Sumner*, *supra*, because the remand was predicated on administrative error. *Ibid.* She contends that the Court "implicitly" acknowledged administrative error when it noted that the BVA, in its November 1998 decision, did not address the potential applicability of § 1.942 to her waiver request. *Ibid.* She maintains that the BVA is required to consider and discuss in its decision all "potentially applicable" provisions of law and regulation. *Ibid.* (citing *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991)).

## II. Analysis

### A. Jurisdiction

The appellant's December 21, 2001, EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B). In order to satisfy the EAJA jurisdictional content requirements, an application must contain the following: (1) A showing that, by virtue of the Court's remand, the applicant is a prevailing party within the meaning of the EAJA; (2) a showing that the applicant is a party eligible for an award under the EAJA because the applicant's net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not

substantially justified; and (4) an itemized fee statement. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 319 F.3d 1346, 1349-55 (Fed. Cir. 2003); *Bazalo v. West*, 150 F.3d 1380, 1383-84 (Fed. Cir. 1998); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). The appellant's EAJA application was timely filed and satisfies the EAJA jurisdictional content requirements. *See ibid.*

### B. Prevailing-Party Status

In order to receive an EAJA award, an EAJA applicant must be a prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A) ("court shall award to a prevailing party . . . fees and other expenses); *Sumner*, 15 Vet.App. at 260-6l; *Briddell v. Principi*, 16 Vet.App. 267, 271 (2002); *Cullens*, 14 Vet.App. at 237. The appellant has the burden of demonstrating prevailing-party status under the EAJA. *Ibid*. Prevailing-party status arises in either of two ways. The first is through a direction of the Court, evident within the terms of the particular Court decision upon which the appellant is basing the EAJA application, for VA to award VA benefits to the appellant. *Sumner*, 15 Vet.App. at 264-65. The second is through the grant of a merits-stage Court remand that was predicated upon administrative error. *Ibid*. In order for a remand to have been predicated upon administrative error, the remand must either (1) have been directed in a Court opinion, decision, or order that contained a Court recognition of administrative error or (2) have been granted on the basis of a concession of error by the Secretary. *McCormick v. Principi*, 16 Vet.App. 407, 411 (2002); *Briddell*, 16 Vet.App. at 271-72. The Court will not "investigate at the EAJA prevailing-party stage the validity, type, or nature of the administrative error." *McCormick*, 16 Vet.App. at 411.

The appellant asserts that the en banc Court's decision in *Sumner, supra*, was wrongly decided because it is inconsistent with Supreme Court precedent (Reply at 2); this argument, however, is misdirected. The Court notes that a panel of judges of this Court lacks authority to reexamine the Court's conclusion in *Sumner, supra*, because only the en banc Court may overturn an en banc decision. *See generally* U.S. Vet. App. R. 35(c), (e)(2); *Hensley v. Principi*, 16 Vet.App. 491, 501-02 (2002) (recognizing U.S. Court of Appeals for Federal Circuit determination that panel lacks authority to overrule en banc precedent, *see* Fed. Cir. R. 35(a)(2)); *cf. Bethea v. Derwinski*, 2 Vet.App. 252, 254 (1992) (stating that "[o]nly the en banc Court may overturn a panel decision"). Thus, the Court will not address this argument.

In applying *Sumner*, *supra*, the parties dispute whether there was a court remand that was predicated upon administrative error. The appellant maintains that the Court "implicitly" acknowledged that there was administrative error when the Court noted that the Board did not address § 1.942. Reply at 2. Contrary to the appellant's contention, this Court did not recognize, explicitly or implicitly, any administrative error in the Board's decision. Although the Court recognized the potential relevance of the regulation in the merits adjudication, the Court remanded the appellant's waiver request to the Board pursuant to *Maggitt*, *supra*, for it to consider in the first instance the argument regarding the applicability § 1.942 to her waiver request, an argument that was raised for the first time on appeal. *Gordon*, 15 Vet.App. at 128. The Court (1) specifically declined to consider whether § 1.942 was applicable to the merits appeal because such consideration might require factual findings regarding whether the appellant met the requirements of that regulation and (2) noted that the regulation appeared to have discretionary rather than mandatory application. *Ibid.*

The Court thus rejects the appellant's contention that the Court "implicitly" recognized administrative error based on the Board's failure to consider and address in its decision all potentially applicable provisions of law and regulation. Although the appellant is correct that the Board is generally required by 38 U.S.C. § 7104(a) and (d)(1) to consider, and discuss in its decision, all potentially applicable provisions of law and regulation, *see Schafrath, supra*, the Court, in the underlying merits decision, did not conclude that the Board erred in not considering § 1.942 in the merits adjudication of this case. The Court did not declare that the lack of a discussion of § 1.942 in the Board's decision was a failure-to-consider-applicable-law error or a reasons-or-bases error in violation of 38 U.S.C. § 7104(a) and/or (d)(1). Because the Court found no error on this point but, rather, remanded the matter for the Board to consider the issue raised for the first time on appeal, such a *Maggitt*-type remand does not, by itself, confer prevailing-party status on the appellant. There is no implicit acknowledgment of error in a case such as this, where the Court specifically declined to conclude that the regulation was applicable to the appellant's waiver request or that the Board should have, sua sponte, addressed the regulation's applicability in its initial adjudication. *See Briddell*, 16 Vet.App. at 273 (concluding that there must be explicit connection between asserted administrative error and Court's remand for readjudication).

5

Thus, because the appellant's waiver request in the underlying merits decision was remanded pursuant to *Maggitt*, *supra*, and was not predicated upon administrative error, the appellant is not an EAJA prevailing party under *Sumner*, *supra*. Moreover, the catalyst and inevitable-victory tests are not viable means to attain prevailing-party status. *See Vaughn II*, __ F.3d at __, 2003 WL 21707273, at *4, *7 (rejecting "catalyst theory" and "inevitable victory theory", respectively); *Vaughn v. Principi,* 15 Vet.App. 277, 279-80 (2001) (rejecting "inevitable victory" theory) [hereinafter *Vaughn I*]; *Thayer v. Principi*, 15 Vet.App. 204, 211 (2001) (rejecting "catalyst" theory), *appeal dismissed per stipulation,* 2002 WL 2004692 (Fed. Cir. Aug. 20, 2002) (dismissing appeal upon appellant's motion in light of *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371 (Fed. Cir. 2002) (holding that "catalyst theory" not available to support award for attorney fees under EAJA)). Accordingly, the appellant is not eligible under the EAJA for award of attorney fees and expenses related to her appeal to this Court, *see Sumner*, 15 Vet.App. at 264-65; *Briddell*, *Vaughn I*, and *Thayer*, all *supra*, and her EAJA application must fail, *see Sumner*, 15 Vet.App. at 265; *Briddell*, 16 Vet.App. at 275-76.

### III. Conclusion

Upon consideration of the foregoing analysis and the pleadings of the parties, the appellant's December 21, 2001, EAJA application is denied.

APPLICATION DENIED.