HAGEL, Judge,
concurring:
I write separately to address Ms. Akers’ argument regarding 38 U.S.C. § 7104(a). In her motion for full-Court consideration, she argues, relying on Gordon v. Principi, 15 Vet.App. 124 (2001) [hereinafter Gordon I.], that a “Maggitt-type remand ... is tantamount to a finding that the remand was ‘predicated on administrative error.’ ” She reasons that “most Maggitt-type remands’ involve the failure of the [Board] to ... consider on behalf of the claimant a provision of law which might have been beneficial to the claim” and asserts that “[s]uch failures violate 38 U.S.C. § 7104(a).” As discussed below, I believe that, in certain circumstances, a violation of section 7104(a) would serve as the basis for a remand predicated upon administrative error. However, given the Court’s *563 decision in Gordon I, I agree with the Court’s subsequent determination in Gordon v. Principi, 17 Vet.App. 221, 224-25 (2003) [hereinafter Gordon IP] that Ms. Gordon was not a prevailing party for purposes of the Equal Access to Justice Act (EAJA). Consequently, I will deny Ms. Akers’ motion for a full-Court decision.
Pursuant to 38 U.S.C. § 7104(a), the Board must consider “applicable provisions of law and regulation.” The Board’s responsibility to consider applicable regulations under section 7104(a) is not of little consequence, especially at a stage when proceedings are considered nonadversarial. If the Court, in an underlying decision or through the granting of a motion for remand, vacates a Board decision and remands a matter based upon a violation of section 7104(a), then that appellant would generally be afforded prevailing-party status for EAJA purposes. See Cycholl v. Principi, 15 Vet.App. 355, 359 (2001). However, the Board’s failure to consider a regulation, such as § 1.942, is not, by itself, an administrative error that would enable an appellant to attain prevailing-party status. For an appellant to attain such status, not only must the Board fail to consider a regulation, but that regulation must be “applicable” within the meaning of 38 U.S.C. § 7104(a), as determined by the Court or conceded to by the Secretary. Moreover, the Board’s failure to consider that regulation must be either recognized by the Court in its remand order, conceded to by the Secretary in a motion for remand, or both. See Sumner v. Principi, 15 Vet.App. 256, 265 (2001) (en banc), aff'd, Vaughn v. Principi, 336 F.3d 1351 (Fed.Cir.2003) (appeal consolidated with appeal in Sumner); see also Gordon II, 17 Vet.App. at 224.
In Gordon I, the Court noted that “the Board [had] not address[ed 38 C.F.R. § 1.942].” Gordon I, 15 Vet.App. at 127. However, the Court went on to express doubt regarding the' applicability of that regulation to Ms. Gordon’s claim. See id. at 128-29. Nevertheless, the Court ultimately remanded the matter for “consideration of the argument by [the Board] in the first instance.” Id. at 128. The Court, in Gordon II, subsequently denied Ms. Gordon’s EAJA application after determining that the Court, in its remand order in Gordon I, “[had] not conclude[d] that the Board [had] erred in not considering § 1.942.” Gordon II, 17 Vet.App. at 224.
Here, Ms. Akers and the Secretary agree that the Board did not address § 1.942; however, that was not the basis for their joint motion for remand. Instead, they advised the Court that “[t]he reason for [that] motion [was] this Court’s opinion in Gordon Because the parties based their joint motion for remand solely on Gordon I, the doubts expressed by the Court in that case regarding the applicability of § 1.942 to Ms. Gordon’s claim apply with equal force to Ms. Akers’ claim. It follows that the parties’ reliance on Gordon I cannot be seen as a concession of error by the Secretary. Additionally, because the Court order granting the joint motion contained no analysis, that order cannot serve as a basis for a Court recognition of error.
In cases involving joint motions for remand, the parties exercise exclusive control over a document that will have significant bearing on, and potentially provide the sole basis for, the Court’s determination regarding prevailing-party status for EAJA purposes. Here, Ms. Akers, through counsel, joined in a motion for remand that did not articulate a violation of section 7104(a) or any other basis for a finding of administrative error. The motion merely cited to Gordon I, a case in which the Court did not find error. Had the motion done more than cite to Gordon *564 I, by, for example, clearly articulating that the remand was - predicated on a violation of section 7104(a) as Ms. Akers now argues, then the Court would have had a basis for determining that Ms. Akers was a prevailing party. However, under the existing circumstances, I am unable to conclude that she is a prevailing party for EAJA purposes or that she has raised any argument that would warrant full-Court review.