# United States Court of Appeals for the Federal Circuit

04-7132

MABEL A. AKERS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

- - - - - - - - - - -

03-7020

JOHN R. BRIDDELL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Richard R. James, of Glen Allen, Virginia, argued for claimant-appellant in 04-7132. Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant in 03-7020.

Christian J. Moran, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On both briefs were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Franklin E. White, Jr., Assistant Director; and, Kyle E. Chadwick, Attorney. Of counsel in both 04-7132 and 03-7020 was Michael J. Timinski, Deputy Assistant General Counsel; Joshua S. Blume, Attorney, United States Department of Veterans Affairs in 04-7132; and, Martin J. Sendek, Attorney, in 03-7020.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge William P. Greene, Jr.
Judge Jonathan R. Steinberg

# United States Court of Appeals for the Federal Circuit

04-7132

MABEL A. AKERS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

03-7020

JOHN R. BRIDDELL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  May 26, 2005

_____

Before MICHEL, Chief Judge, RADER and LINN, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims (Veterans Court) denied the applications of John R. Briddell and Mabel A. Akers (collectively, appellants) for awards of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2000).  Both applications were denied on the ground that applicants were not "prevailing parties."  Akers v. Principi, 18 Vet. App. 430 (Table)

(2003); <u>Briddell v. Principi</u>, 16 Vet. App. 267 (2002). Because neither appellant is a "prevailing party" under the criteria established by <u>Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.</u>, 532 U.S. 598, and by <u>Vaughn v. Principi</u>, 336 F.3d 1351 (Fed. Cir. 2003), this court affirms both decisions.

I.

Mr. Briddell's claim arose when the Board of Veterans Appeals (BVA), on March 18, 1999, denied, <u>inter alia</u>, an increase in the ratings for his shoulder, back, and knee disabilities. On September 28, 2000, the Secretary of Veterans Affairs filed a motion asking for remand of Mr. Briddell's shoulder claim "on the grounds that the Board had failed to consider, under <u>Fenderson v. West</u>, 12 Vet. App. 119 (1999), whether a staged rating was appropriate and to discuss the provisions of 38 C.F.R. § 4.71a." <u>Briddell</u>, 16 Vet. App. at 268. While the Secretary's motion was pending, Congress enacted the Veterans Claims Assistance Act (VCAA), 38 U.S.C. § 5100. The Veterans Court then ordered the Secretary to show cause to avoid remand of Mr. Briddell's claims for consideration in the light of the VCAA. <u>Id.</u> at 269. The Secretary instead made an unopposed motion for <u>vacatur</u> and remand, which the Veterans Court granted. <u>See</u> <u>Briddell v. Gober</u>, U.S. Vet. App. No. 99-1198, slip op. at 1-2 (Dec. 21, 2000). The Veterans Court did not act on the Secretary's motion of September 28, 2000. Mr. Briddell now argues that the Secretary's motion of September 28, 2000 was a "concession of BVA error" which, together with the remand that was subsequently -- but not consequently -- ordered by the Veterans Court, makes him a "prevailing party" under EAJA.

II.

Ms. Akers sought waiver of a debt to the VA. This debt arose from her simultaneous collection of a VA pension and Social Security disability benefits. Ms. Akers received the VA pension in 1991 by virtue of her deceased husband's service during the Korean war; the Social Security disability benefits as a result of a malicious beating she received shortly after applying for the pension. The VA contended that her Social Security benefits disqualified her from receiving the VA pension. Therefore, the VA requested that she return to the VA the entire sum she had received as a pension. The VA regional office and the BVA denied the request for waiver. Later, Ms. Akers appealed the denial to the Veterans Court. While her appeal was pending, the Veterans Court decided, in a different case, that the BVA could consider methods other than waiver to forgive a debt to the VA. See Gordon v. Principi, 15 Vet. App. 124 (2001). As a result, Ms. Akers and the VA jointly filed a motion for remand, which was granted on November 2, 2001. Ms. Akers then applied for an EAJA award, predicated on the remand.

Because both the Briddell and Akers cases concern the basis for remand, and in turn whether that remand justifies "prevailing party" status, this court addresses both appeals in this opinion.

III.

These cases require this court to determine whether the Veterans Court applied the proper legal standard in determining "prevailing party" status under EAJA. This court reviews an interpretation of EAJA without deference. Jones v. Brown, 41 F.3d 634, 637 (Fed. Cir. 1994).

This court follows the Supreme Court's decision in Buckhannon in deciding prevailing party status under EAJA. See Brickwood Contractors, Inc. v. United States, 288 F.3d 1371, 1379 (Fed. Cir. 2002). In Buckhannon, the Supreme Court rejected the catalyst theory and set forth standards for a party to prevail under attorney fees statutes. Under the catalyst theory, a party "prevails" because the lawsuit brought about a voluntary change in the defendant's conduct. See Buckhannon, 532 U.S. at 601. After examining its own precedents and statutory language, the Court found the catalyst theory insufficient because "[i]t allows an award where there is no judicially sanctioned change in the legal relationship of the parties." Id. at 605. The Court dismissed the catalyst theory because it would "authorize[] federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief." Id. at 606.

The Court then proceeded to construe the phrase "prevailing party." Finding that the term has a "clear meaning," id. at 607, the Court stated that this language permits "the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims." Id. at 603 (quoting Hanrahan v. Hampton, 446 U.S. 754, 758 (1980) (per curiam)) (emphasis added). To qualify as "prevailing," then, a party must have obtained a court-ordered consent decree based on a settlement, an enforceable judgment on the merits, or an award of even "nominal" damages. See Buckhannon, 532 U.S. at 603-04.

The Buckhannon case thus sets forth several standards to identify a prevailing party. Prevailing party status requires some judicial action that changes the legal

relationship between the parties on the merits of the claim. In other words, to prevail, a party must have received a judicial <u>imprimatur</u> tantamount to a judgment in favor of that party on the merits of the original claim. <u>See</u> <u>id.</u> at 605. That judicial action could take the form of a consent decree settling the claim in favor of the plaintiff, a judgment on the merits, or an award of damages.

IV.

Mr. Briddell contends that he prevailed in his action because the Secretary of Veterans Affairs filed a motion admitting procedural error that asked for remand of Mr. Briddell's claim. The Veterans Court, however, remanded solely on the basis of the intervening passage of the VCAA, not the Secretary's September 2000 motion. <u>Briddell</u>, 16 Vet. App. at 273. Because the remand did not reach the merits of Mr. Briddell's case, the remand also produced no change in the legal relationship between Mr. Briddell and the Secretary. Moreover, the court gave no judicial approval to any alteration in that legal relationship. The parties simply agreed to a procedural remand. Thus, the remand in Mr. Briddell's case does not qualify him as a "prevailing party" under the standards in <u>Buckhannon</u>, because it provides "only the opportunity for further adjudication." <u>Vaughn</u>, 336 F.3d at 1356.

Ms. Akers, like Mr. Briddell, contends that she was the "prevailing party" in her action because the Veterans Court granted a motion to remand. In her case, the intervening <u>Gordon</u> decision offered new possibilities for settling her debt. On that basis alone, the Veterans Court granted a joint motion to remand. The Veterans Court properly held that the remand accorded Ms. Akers no judgment on the merits of her case. <u>Akers</u>, slip op. at 2. As in Mr. Briddell's case, Ms. Akers received only the

04-7132, 03-7020                                              5

opportunity for further adjudication. Again, under the <u>Buckhannon</u> standards, the remand by the Veterans Court does not qualify her as a "prevailing party."

To determine "prevailing party" status in these cases, the Veterans Court had no need or occasion to go beyond the standards set forth by <u>Buckhannon</u>. The remand in Mr. Briddell's case did not involve the merits, but rather arose from a change in law. The Secretary accordingly consented to a remand. The need for a remand neither resulted from nor led to any immediate judicial action on the merits. Thus, the remand did not place a judicial <u>imprimatur</u> on any decision concerning the merits of Mr. Briddell's claim.

Ms. Akers also did not present any merits discussion in her application for a remand. Instead, the parties jointly requested a remand based on a new possibility for settlement that arose from the <u>Gordon</u> case. Once again, the court's action in granting the joint motion for remand afforded no judicial <u>imprimatur</u> on a change in the legal relationship between Ms. Akers and the Secretary. The court granted the remand with no consideration of the merits of Ms. Akers's case.

Neither of these cases meet the <u>Buckhannon</u> standards for a "prevailing party" as also described by this court in <u>Vaughn</u>. In <u>Vaughn</u>, the BVA had denied the request of Mr. Vaughn's wife for survivor benefits. The survivor appealed the denial to the Veterans Court. While her appeal before that court was pending, Congress enacted the VCAA. Citing the need for re-adjudication in light of the VCAA, the parties filed a joint motion for remand. After the Veterans Court consented to the remand request, Mrs. Vaughn filed an EAJA application for attorney fees. On appeal, this court denied that request, stating that "the correct legal standard, as articulated in <u>Buckhannon</u>, is that a

party must receive 'at least some relief on the merits of his claim.'" <u>Vaughn</u>, 331 F.3d at 1356-57 (citations omitted). To qualify as prevailing under EAJA, Mrs. Vaughn would have had to have received some judgment on the merits, or a consent decree, or a "similar result[]." <u>See</u> <u>id.</u> at 1357. Mr. Briddell, like Mrs. Vaughn, has asked for attorney fees under EAJA because his case was remanded for re-adjudication in light of new law, the VCAA. As in <u>Vaughn</u>, Mr. Briddell received no judgment on the merits or similar result. Ms. Akers has asked for attorney fees under EAJA because her case was remanded for consideration of new grounds made evident in <u>Gordon</u>. As in <u>Vaughn</u>, Ms. Akers received no judgment on the merits, or any similar result. Under the rule of <u>Vaughn</u>, neither appellant "prevailed." A boxer thrown out of the ring and then allowed back in to continue the fight has not prevailed; similarly, neither appellant here meets the requirements for "prevailing party" status.

## CONCLUSION

For the foregoing reasons, the Veterans Court holdings that appellants are not "prevailing parties" under EAJA are affirmed.

## COSTS

Each party shall bear its own costs.

## <u>AFFIRMED</u>