## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-2395(E)

ALFRED W. VAHEY, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Argued March 21, 2006                                    Decided    July 21, 2006    )

Landon Overby (non-attorney practitioner), of Washington, D.C., for the appellant.

Yvette R. White, Esq., with whom Tim S. McClain, General Counsel; R. Randall Campbell, Assistant General Counsel; and Richard Mayerick, Deputy Assistant General Counsel, all of Washington, D.C., were on the pleading for the appellee.

Before KASOLD, MOORMAN, and LANCE, Judges.

KASOLD, Judge, filed the opinion of the Court.  MOORMAN, Judge, filed a concurring opinion.  LANCE, Judge, filed a concurring opinion.

KASOLD, Judge:  Before the Court is veteran Alfred W. Vahey's June 30, 2005, application pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412(d) (EAJA), for an award of attorney fees and expenses in the amount of $864.00.  The Secretary has filed a response in which he argues that Mr. Vahey is not a prevailing party, and in the alternative, that the Secretary's position was substantially justified.  For the reasons set forth below, the Court will deny Mr. Vahey's application.

## I.  BACKGROUND

On December 17, 2004, Mr. Vahey filed a Notice of Appeal from an August 24, 2004, Board of Veterans' Appeals (Board) decision that denied entitlement to separate 10% disability ratings for bilateral[1]  On February 11, 2005, before briefing had been initiated, the Court granted the parties' joint motion to stay proceedings pending the Court's disposition of various appeals involving bilateral tinnitus.  On April 5, 2005, the Court held in *Smith v. Nicholson*, 19 Vet.App. 63, 75 (2005), that the plain language of 38 C.F.R. § 4.25(b) (2002) provided for an award of two 10% disability ratings under 38 C.F.R. § 4.87, Diagnostic Code (DC)

6260[2] one for each ear, to veterans exhibiting recurrent bilateral[3] *See Smith*, 19 Vet.App. at 75. Shortly thereafter, on May 4, the Court issued an order in this appeal dissolving the stay of proceedings and indicating that the case would be remanded "for readjudication in light of *Smith*," unless either party objected within 21 days from the date of that order. On June 2, the Court, having received no objection from either party, remanded the matter "for readjudication in light of *Smith . . .* , and issuance of a replacement decision."

In his EAJA application, Mr. Vahey argues that he is a prevailing party because the Board committed the same error observed in *Smith*. EAJA Application (Application) at 3-4. Moreover, he contends that the government's legal position was not substantially justified as its interpretation underlying the denial of separate 10% disability ratings for each ear was contrary to the plain meaning of the relevant regulations. *Id*. at 5. The Secretary counters, inter alia, that Mr. Vahey is not a prevailing party because the Court never reached the merits of the case and therefore there was no change in the legal relationship of the parties as required by the U.S. Court of Appeals for the Federal Circuit's (Federal Circuit) decision in *Akers v. Nicholson*, 409 F.3d 1356 (Fed. Cir. 2005). In the alternative, the Secretary asserts that his legal position before the Board was substantially justified because he was relying on the state of the law extant at the time of the Board decision. Secretary's Response at 7.

## II. ANALYSIS

### A. Preliminary Matters

**The Court has jurisdiction to award reasonable attorney fees. See 28 U.S.C. § 2412(d). The EAJA application under review was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B), and the application meets the content requirements because it contains (1) a showing that the appellant is a prevailing party, (2) a showing that the appellant is a party eligible for an award because his net worth does not exceed $2,000,000, (3) an allegation that the Secretary's position was not substantially justified, and (4) an itemized statement of the attorney fees and expenses sought. See 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); Scarborough v. Principi, 541 U.S. 401, 407-08 (2004); Cullens v. Gober, 14 Vet.App. 234, 237 (2001) (en banc).**

### B. Prevailing-Party Status

**Prevailing-party status is a requisite for any award of EAJA fees and "requires some judicial action that changes the legal relationship between the parties on the merits of the claim." Akers, 409 F.3d at 1359. Prevailing-party status is established either through a merits-stage remand predicated upon the Court's finding of error or a concession of error by the Secretary. See Scarborough v. Nicholson, 19 Vet.App. 253, 259 (2005); see also Gordon v. Principi, 17 Vet.App. 221, 223-24 (2003) (holding that remand for consideration of an issue for the first**

*time by the Board does not confer prevailing-party status on the appellant); Briddell v. Principi, 16 Vet.App. 267, 271-72 (2002) (concluding that there must be explicit connection between asserted administrative error and Court's remand for readjudication); Sumner v. Principi, 15 Vet.App. 256, 260-61, 264-65 (2001) (en banc), aff'd sub nom. Vaughn v. Principi, 336 F.3d 1351 (Fed. Cir. 2003) ("[A] remand does not constitute 'some relief on the merits' unless that remand is predicated upon administrative error.").  Where "an appellant receives a remand in order for VA to address a new legal theory that arose from an intervening court decision, . . . the appellant is not a prevailing party because . . . the appellant[] receive[d] 'only the opportunity for further adjudication.'"  Zuberi v. Nicholson, 19 Vet.App. 541, 546 (2006) (quoting Akers, 409 F.3d at 1359).  In such an instance, the requisite material change in the legal relationship of the parties does not exist.  See Vaughn, 336 F.3d at 1356-57.  Moreover, when the Court seeks to determine whether a party is a prevailing party, the Court at that stage will look only to what actions it actually took in its disposition of the underlying appeal. See Briddell , 16 Vet.App. at 272 (the Court will look to the actual language of the remand order in determining whether administrative error exists); see also Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 609 (2001) (a "'request for attorney's fees should not result in a second major litigation'" (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)); McCormick v. Principi, 16 Vet.App. 407, 411 (2002) (Court will not investigate at the EAJA prevailing-party stage the validity, type, or nature of any administrative error that is either conceded or found).*

*Mr. Vahey's contention that he secured a remand from the Court "based in part on the Board's error in failing to apply the plain language of § 4.25(b)" is unfounded.  Application at 4.  This case was remanded, along with a host of other cases involving tinnitus, so that the Board might consider, in the first instance, the applicability of the holding in Smith.  As the Secretary notes, and contrary to Mr. Vahey's contentions, there was no explicit finding of error in the June 2, 2005, remand.  See Briddell, supra.  Moreover, there is no implicit acknowledgment of error in this case because the Court did not address whether the Board incorrectly interpreted § 4.25(b). See Gordon, 17 Vet.App. at 224 (rejecting the appellant's contention that the Court "implicitly" recognized administrative error where the Court ordered remand to consider a regulation that the Board failed to discuss).  Moreover, because the parties did not object to the May 4 order, the matter was remanded before the record on appeal or any briefing had been filed with the Court,*

*thus rendering to speculation any conclusions regarding possible assertions of error.*

*Finally, despite Mr. Vahey's assertion in his EAJA application that the Board committed the same error as it did in Smith, the Court will not now investigate whether Mr. Vahey would have been successful in a merits determination of his appeal. See Briddell, supra; see also Buckhannon and McCormick, both supra. Because there has been neither a finding of administrative error nor a concession of error – rather, the case was remanded for further adjudication in light of Smith – Mr. Vahey is not a prevailing party, and the EAJA application must be denied. See Vaughn and Zuberi, both supra.*

### *III. CONCLUSION*

*Upon consideration of the foregoing analysis, Mr. Vahey's June 30, 2005, EAJA application is DENIED.*

*APPLICATION DENIED.*

*MOORMAN, Judge, concurring: I concur with the reasoning and the result of the majority opinion. I write separately to note an alternative basis for denying the EAJA application. Although the Court did not reach the question of whether the Secretary's position was substantially justified because the appellant was not a prevailing party, I agree with Judge Lance's opinion that the Secretary's position was substantially justified, but I stress that I believe that, notwithstanding the decision of the United States Court of Appeals for the Federal Circuit in Smith v. Nicholson, __ F.3d __, No. 05-7168 (Fed. Cir. June 19, 2006), the Secretary's position was substantially justified. See Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988) ("[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.").*

*LANCE, Judge, concurring: I concur with the conclusion reached by the majority that the appellant is not eligible for an award under the EAJA. That is the appropriate disposition in light of the recent decision in Smith v. Nicholson, __ F.3d __, No. 05-7168 (Fed. Cir. June 19, 2006) (Smith II) (reversing this Court's decision for failure to give appropriate deference to the Secretary's interpretation of his own regulations). I write separately because I believe that our*

*review of Mr. Vahey's EAJA application should not be governed by an analysis of whether the Clerk's June 2, 2005, remand order contained an explicit finding of error, but rather by the Federal Circuit's decision. Based on the Federal Circuit's decision in Smith II, the Secretary's legal position was more than justified–it was correct. Accordingly, I believe it is within our power to reject Mr. Vahey's application solely because the Secretary's position was substantially justified. See Commissioner, INS v. Jean, 496 U.S. 154, 160 (1990) ("The single finding that the Government's position lacks substantial justification, like the determination that a claimant is a 'prevailing party,' thus operates as a one-time threshold for fee eligibility."); see also Johnson v. Principi, 17 Vet.App. 436, 440 (2004); Swiney v. Gober, 14 Vet.App. 65, 70 (2000).*

*The majority opinion concludes that Mr. Vahey is not a prevailing party because there is no explicit finding of error in the Court's remand order. This holding belies the nature of the cases stayed by this Court pending its decision in Smith v. Nicholson, 19 Vet.App. 63 (2005) (Smith I). In this instance, Mr. Vahey's appeal was stayed pursuant to a joint motion. The parties recognized that there were "numerous" other cases pending before the Court "in which the issue presented is identical to the instant appeal, i.e., whether the VA rating schedule . . . entitles a veteran with service-connected tinnitus in both ears . . . to two separate 10 percent ratings to be combined in accordance with 38 C.F.R. § 4.25 (2003)." Joint Motion (Mot.) at 1 (emphasis added). The reason that the parties appropriately noted that the issue was "identical" was that the Board decision in Mr. Vahey's case–like many dozens of others on appeal at that time–was based on a ruling of law that was not fact specific, i.e., the Board's holding that dual ratings for bilateral tinnitus are never permitted. The motion to stay filed by the parties further provided that*

> *[d]isposition of the pending cases in which briefing is complete and the appeals have been submitted to the Court will likely control the disposition of this appeal. A stay of proceedings in this case is in the interest of judicial efficiency because such a stay will eliminate the need for processing by the Clerk's office, the Central Legal Staff, and one or more judges of the Court.*

*Id. at 2 (emphasis added). Accordingly, the parties clearly believed that the fate of Mr. Vahey's appeal would turn solely on the correctness of the determinative ruling of law in whichever pending case first reached that issue.*

*After the parties filed their joint motion, the Court's decision in Smith I held that "[b]ased on the plain language of the regulations [(38 C.F.R. § 4.25(b) (2005) and DC 6260)], the . . . pre-1999 and pre-June 13, 2003, versions of DC 6260 required the assignment of dual ratings for*

*bilateral tinnitus." Smith I, 19 Vet.App. at 78. Thus, the Court reversed the Board's decision that under 38 C.F.R. § 4.87a (2005), DC 6260, bilateral tinnitus does not entitle a veteran to two 10% ratings, one for each ear, and remanded the matter for readjudication to determine whether the appellant had bilateral tinnitus, and, if so, for assignment of a rating consistent with the Court's opinion. Id. In so doing, the Court invalidated a VA General Counsel precedential opinion, which held that separate ratings for bilateral tinnitus may not be assigned under DC 6260. Id. The Court's decision in Smith I was not based on the facts of that case or any application of the law to the evidence. Rather, it was purely a ruling of law that dual ratings for bilateral tinnitus were authorized by regulation.*

*The ruling in Smith I resulted in a May 4, 2005, order from the Court dissolving the stay of proceedings and indicating that Mr. Vahey's case would be remanded "for readjudication in light of Smith," unless either party objected within 21 days from the date of that order. After no objection was received, the Clerk of the Court issued a June 2, 2005, order that remanded the appeal "for readjudication in light of Smith." The face of the Clerk's June 2 remand order reflected the parties' prior agreement and understanding that Smith I had resolved the only issue on appeal.*

*As we recently recognized, the fundamental question controlling an analysis of prevailing-party status is whether the remand "changed the relationship between the parties on the merits." Zuberi v. Nicholson, 19 Vet.App. 541, 546-47 (2006) (citing Former Employees of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1366 (Fed. Cir. 2003)); see also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989). We also reaffirmed in Zuberi that for purposes of this analysis, it is not relevant whether the appellant will necessarily prevail in obtaining the benefit sought. 19 Vet.App. at 547. In Mr. Vahey's case, the Board originally held that the appellant was barred from the benefit he sought because it did not exist as a matter of*[1] Regardless of whether our remand order explicitly stated that the Board erred, on remand the appellant was armed with a decision by this Court that stated in no uncertain terms that the benefit did exist. Moreover, that was the decision cited by the Court as its basis for ordering the remand. Hence, on remand the appellant was facing only an evidentiary hurdle instead of a complete legal prohibition. If that decision is not sufficient to establish a material change in the relationship of the parties for purposes of prevailing-party status, then we have set the bar too high. Indeed, if that decision is not enough, then the Court has imposed a new requirement that the veteran obtain nothing short of a complete victory on remand–in contrast with existing precedent. *See Former Employees of Motorola*, 336 F.3d at 1366 ("[W]here the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency,

the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction.").

*The majority erroneously asserts that the Court "never reached the merits of the case." If this statement were true, then the Court's June 2, 2005, order was ultra vires. The Court has the power to remand a case to the Board only where it is "appropriate" to do so. 38 U.S.C. § 7252. In this case, the only possible appropriate basis suggested by the Court's order is that the Board's decision was erroneous because its ruling of law was incorrect. If the Court did not conclude that Smith I was controlling on the legal issue that was the sole basis for the Board's decision on appeal, then it should not have remanded matter. Moreover, it is not clear how the majority imagines that the Board could have concluded that Smith I was not controlling on remand had it been affirmed. Although Mr. Vahey may not have been awarded benefits, the Board was obligated to recognize that the legal bar it previously asserted did not exist. The majority simply does not explain how the Court could have determined that this case was "appropriate" for remand without a joint motion by the parties unless the Court looked at the basis of the Board decision and identified Smith I as dispositive of the legal issue that was the sole basis of that decision. To believe that the merits were not reached by the Court is to believe that this case was chosen at random by the Clerk, who arbitrarily cited Smith I in issuing his May 4 and June 2, 2005, orders. That simply did not occur. The Court exercised deliberate decisionmaking in identifying this case and ordering that it be remanded under Smith I. Prevailing-party status should not be a semantics game, but should be based on the substantive reason that the Court concluded was an appropriate basis for the exercise of our power to remand.*

*To be clear, there are many times where it is appropriate to remand a case to the Board without a finding of error. For example, a remand without error is appropriate based on an intervening change in relevant law. See, e.g., Vaughn v. Principi, 336 F.3d 1351 (Fed. Cir. 2003) (finding no prevailing-party status for remand based on the passage of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (2000)). Another example of a remand without error would be where a factual issue arises on appeal to this Court that is properly addressed by the Board in the first instance. See, e.g., Gordon v. Principi, 17 Vet.App. 221, 224 (2003) (finding no prevailing-party status where the appellant raised for the first time*

*on appeal an issue that required a remand to the Board for initial factfinding); see also Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1025 (Fed. Cir. 2005). However, this case does not involve either an intervening change in law or an analysis that was in any way factual. In this case, the Board made a decision that was purely a ruling of law and the Court remanded the matter by citing a case that unquestionably reversed the specific ruling of law relied upon by the Board. Under these circumstances, either the citation to Smith I was controlling or the order was devoid of any appropriate basis for ordering a remand.*

*Finally, I would note that the language of the remand order may be critical where there is more than one possible appropriate basis for a remand and not all possible bases would lead to prevailing-party status. However, this is not that case. The Court's action in this case was lawful only if it concluded that Smith I was on point. The majority does not offer any appropriate basis for vacating the Board decision in this case if Smith I was not on point. Accordingly, there is no ambiguity to be resolved by a close reading of the language of the order.*

*Although I respectfully disagree with the majority's holding that the appellant is not a prevailing party, I am more troubled by its discussion of prevailing-party status in the first place. The fundamental issue in resolving prevailing-party status in this case comes down to the interpretation of the Court's May 4 and June 2, 2005, orders. These orders are so brief and vague that it is quite possible that when deciding not to object based on the May 4, 2005, order or not file a motion to vacate the June 2, 2005, order, both the appellant and the Secretary had opposing, yet reasonable, views that the prevailing-party issue would be resolved in his own favor. The appellant could easily (and correctly in my view) have believed that the Court determined that Smith I was controlling in his case, while the Secretary arguably could have believed that the Court determined only that Smith I was potentially applicable. The ambiguity in these orders is the fault of the Court, not the parties, and the confusion caused by the Court's imprecise drafting should not be a basis for determining whether EAJA fees should be awarded.*

*The simple fact of the matter is that the Court remanded Mr. Vahey's claim, as well as dozens of others, for the sake of efficiency–an otherwise honorable goal. However, the Court's decision holds that its actions in those cases have foreclosed the possibility of an EAJA award. I am loathe to think that the Court has frustrated the purposes of EAJA in the pursuit of judicial economy. See Sullivan v. Hudson, 490 U.S. 877, 883 (1989) (noting that prior to the EAJA, parties found it more practical to endure injustice in the face of governmental action than to*

*contest it.). Moreover, I do not believe that these purposes are inconsistent. Had the Clerk's order been drafted with more clarity, so that the "appropriate" basis for the remand order was stated in no uncertain terms, then this issue could have been avoided altogether without unnecessarily consuming the Court's resources. In short, I suspect that this case is a prime example of the adage that "bad facts make bad law."*

*The Court is not without recourse as the Federal Circuit has provided the Court with a basis on which to dispose of the issue at hand rather than delving into a mire of our own making: Because the Secretary's legal position before the Board has been vindicated, the appellant's EAJA application must be denied as it has not met the requirements under 28 U.S.C. § 2412(d)(1)(A) (precluding EAJA award if the Court determines that the position of the United States was substantially justified). The Federal Circuit's decision notwithstanding, I would have concluded that the Secretary's legal position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). However, a more thorough discussion of that position is unnecessary in light of Smith II. Accordingly, I would deny this EAJA application on this basis only.*

.....us" is "a noise in the ears, such as ringing, buzzing, roaring, or clicking." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1914 (30th ed. 2003).

,,,,,version of § 4.87, containing the diagnostic codes relating to diseases of the ear, remained in effect until 2003, when the Secretary amended the regulation specifically to preclude separate disability ratings for bilateral tinnitus. *See* 68 Fed. Reg. 25,822 (May 14, 2003). These ratings occur in increments of 10% and correspond to reductions in earning capacity from specific injuries or combinations of injuries. *See* 38 U.S.C. § 1155. Each diagnostic code in this schedule relates to a specific disease of the ear and assigns a disability rating according to symptoms or the severity of those symptoms set forth therein. DC 6260 assigns a 10% disability rating for recurrent tinnitus.

.....as subsequently reversed. *See Smith v. Nicholson*, No. 05-7168 (Fed. Cir. June 19, 2006), *rev'g* 19 Vet.App. 63 (2005).

.....e Court was able to identify the substance of the Board's decision in Mr. Vahey's case, as well as all other identical tinnitus cases because, pursuant to Rule 4(c) of this Court's Rules of Practice and Procedure, the Secretary must file with the Clerk a copy of the Board's decision in every case within 30 days of the Clerk's Notice of Docketing. *See also* Joint Mot. at 1.