# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0420(E)

Zuri Zuberi, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appellant's Application for Attorney Fees and Expenses

(Decided      May 3, 2006   )

*Nancy L. Foti*, of Washington, D.C., was on the pleading for the appellant.

*Tim McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Edward V. Cassidy, Jr.*, Deputy Assistant General Counsel; and *Rudrendu Sinhamahapatra*, all of Washington, D.C., were on the pleading for the appellee.

Before MOORMAN, DAVIS, and SCHOELEN, *Judges.*

MOORMAN, *Judge*:  The appellant, veteran Zuri Zuberi, previously appealed, through counsel, a January 16, 2004, decision of the Board of Veterans' Appeals (Board) that, inter alia, denied entitlement to VA service connection for hepatitis A.  Prior to briefing, the parties filed a joint motion for remand, which was granted by an order of the Clerk on May 3, 2005.  Currently pending before the Court is the appellant's May 25, 2005, application, timely filed through counsel, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d),  for an award of attorney fees and expenses in the amount of $6,051.54.  The Secretary filed a response in which he argues that the EAJA application should be denied because the appellant is not a "prevailing party" within the meaning of the statute.  For the reasons set forth below, the Court will grant the application in full.

## I. BACKGROUND

On April 27, 2005, the parties filed a joint motion for partial remand. The parties requested the Court to issue an order vacating in part and remanding in part the January 2004 Board decision to the extent that it denied service connection for hepatitis A. Joint Motion at 4. The parties also requested the Court to dismiss the appeal as to certain claims and not to disturb those portions of the Board decision that remanded other claims. *Id.* at 1-2. The motion stated that "remand is appropriate for readjudication of the issue of service connection for hepatitis A" based on the Board's failure to discuss whether the appellant was entitled to service connection for hepatitis A under the 1999 disability rating criteria under 38 C.F.R. § 4.114, Diagnostic Code (DC) 7345. *Id.* at 3. The motion specifically stated: "The Board's failure to do so is remandable error." *Id.* The motion noted that the appellant had filed his claim in 1999, that the regulation governed the rating criteria for hepatitis A at that time, and that the regulation provided a noncompensable rating for healed, nonsymptomatic hepatitis. *Id.* The motion further requested that the Court "expressly incorporate the provision[s] of this Joint Motion into its Order so that Appellant may have enforceable rights with respect to the terms of this Joint Motion." *Id.* at 3-4.

The Clerk of the Court granted this motion on May 3, 2005. The order stated in full:

> The parties have filed a joint motion to remand this appeal to the Board of Veterans' Appeals (BVA). It is
>
> ORDERED that the motion is granted and that part of the BVA's decision that denied service connection for hepatitis A is remanded, pursuant to 38 U.S.C. § 7252(a), for compliance with the instructions in the joint motion, which is incorporated herein by reference. The appeal as to the remaining issues is dismissed. Under Rule 41(b) of the Court's Rules of Practice and Procedure, this order is the mandate of the Court.

*Zuberi v. Nicholson*, No. 04-0420 (unpublished order May 3, 2005).

On May 25, 2005, the appellant filed his EAJA application. He argues that he is a prevailing party because this Court "vacated and remanded the [Board] decision based upon administrative error." EAJA Application at 1. In response, the Secretary's sole argument is that the appellant is not a prevailing party. Response (Resp.) at 1-2. He contends that the Court's remand order did not provide the appellant with "some relief on the merits" of his claim by changing "the legal

relationship between the parties on the merits of the claim" as is required by *Akers v. Nicholson*, 409 F.3d 1356, 1358 (Fed. Cir. 2005). *Id*. at 4. He argues that the remand order was "essentially an interlocutory procedural ruling that granted the parties' joint motion for remand" and was "not a substantive remand that addressed the merits of Appellant's claim for service connection for hepatitis A." *Id.* at 4-5. The Secretary maintains: "The remand order does not suggest that the Board's decision was wrong in its evaluation of the evidence of record or in its analysis; only that the Board's statement of reasons or bases for its findings was inadequate." *Id.* at 7. He contends that "the remand required only that the BVA reconsider the same claim pursuant to the same facts and law as it initially deemed appropriate [and] provide an adequate statement of reasons or bases for its findings on all material issues of fact and law." *Id.* Relying on the decision by the United States Court of Appeals for the Federal Circuit (Federal Circuit) in *Akers*, the Secretary argues that the proper test for determining prevailing party status focuses on the outcome of the remand rather than the bases for the remand, and the presence of administrative error is no longer determinative on this question. *Id.* at 10-11 (citing *Akers*, 409 F.3d at 1359).

In reply, the appellant argues that the remand in this case altered the legal relationship of the parties because the Board was specifically directed to consider and provide reasons or bases regarding the application of a regulation that the Board had failed to consider or address in its January 2004 decision. Reply at 3. He explains that because the Board was directed to consider the 1999 rating criteria under DC 7345 and provide reasons or bases as to its application, the parties are in a materially different position after the Court's remand than they were before the Board's decision, and, therefore, he is a prevailing party. *Id.* at 4-5. He also argues that the remand order was more than a "procedural remand" because the parties agreed that the Board erred by failing to consider the application of the regulation relevant to the claim and that such a remand is based on administrative error by the agency that constitutes "some relief on the merits" of the claim. Reply at 2, 5 (citing *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360 (Fed. Cir. 2003)). He distinguishes *Akers* by asserting that *Akers* involved a remand that was based on a change in law that had occurred after the Board decision and did not reach the merits of the appeal. *Id.* at 5-6.

3

## II. ANALYSIS

The EAJA provides, in pertinent part:

[A] court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). For this Court to consider an EAJA application, the application must meet certain requirements. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004). In this case, the appellant meets those requirements. The May 2005 EAJA application was filed within the 30-day EAJA application period set forth in section 2412(d)(1)(B) and contains (1) an allegation that the appellant is a prevailing party; (2) a showing that he is a party eligible for an EAJA award because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), and (2)(B); *Scarborough v. Nicholson*, 19 Vet.App. 253, 257 (2005).

This Court may award reasonable attorney fees and expenses to a prevailing party unless the Court finds the position of the Secretary was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d). The only question presented here is whether the appellant is a prevailing party. The Secretary does not assert that he was substantially justified, and the Court therefore will not address that question. *See Scarborough*, 19 Vet.App. at 260. Prevailing party status requires either (1) the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award of a benefit, or (2) a court remand predicated upon administrative error. *See Sumner v. Principi*, 15 Vet.App. 256, 264 (2001) (en banc) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001), and *Shalala v. Schaefer*, 509 U.S. 292 (1993)), *aff'd sub nom. Vaughn v. Principi*, 336 F.3d 1351 (Fed. Cir. 2003) (appeal consolidated with appeal in *Sumner v. Principi*). A Court remand predicated upon administrative error is a remand predicated either upon the Court's finding of error or upon a concession of error by the Secretary. *See Scarborough*, 19 Vet.App. at 259; *Gordon v. Principi*, 17 Vet.App. 221, 223 (2003).

4

The Federal Circuit has held that the proper legal standard in determining whether an appellant is a prevailing party under the EAJA is, as articulated in *Buckhannon, supra*, whether the party received "at least some relief on the merits of his claim." *Vaughn*, 336 F.3d at 1356-57 (quoting *Buckhannon*, 532 U.S. at 603). The Federal Circuit stated: "That relief must rise to the level of 'enforceable judgments on the merits and court ordered consent decrees [creating a] material alteration of the legal relationship of the parties.'" *Id.* (quoting *Buckhannon*, 532 U.S. at 604). "Minimal relief resembling 'an interlocutory ruling that reverses a dismissal for failure to state a claim' or a 'reversal of a directed verdict' will not satisfy the statutory requirements to achieve prevailing party status." *Id.* (quoting *Buckhannon*, 532 U.S. at 605).

In the consolidated case of *Vaughn, supra*, the Federal Circuit held that this Court's remand orders in *Vaughn* and *Sumner* did not confer prevailing party status upon the appellants. *Id.* at 1355-56. The Federal Circuit determined that the remand orders in those cases did not involve a merits determination but, rather, were "similar to a ruling that reverses a dismissal for failure to state a claim" because they provided "only the opportunity for further adjudication," *id*. at 1356, and remanded claims for further proceedings "without a determination of error," *id*. at 1360. In *Vaughn*, this Court had granted a joint motion for remand that was predicated on a change in law that occurred while the appeal was pending before this Court. Specifically, the parties had sought readjudication based on the enactment of the VCAA. In *Sumner*, this Court had remanded a claim based on an unopposed motion to have the Board consider newly acquired material evidence and readjudicate the appellant's claim. The Federal Circuit noted that, in contrast to a consent decree, which may serve as a basis for an award of attorney fees, "Vaughn's and Sumner's remands included neither a judgment nor a determination of the rights of the parties based on the facts of the case" and that because this Court did not reach the merits of the appellants' cases, "the only admission or agreement reached between the appellants and the [Secretary] was that the cases should be remanded" – that is, without a recognition of error. *Id*. at 1356.

In contrast to the remand orders involved in *Vaughn* and *Sumner*, the remand order in *Motorola* was made upon agency recognition that it had erred on the merits, and, therefore, formed the basis for the Federal Circuit's determination that the appellants there were prevailing parties. *See Vaughn*, 336 F.3d at 1360 (distinguishing *Motorola*, 336 F.3d 1360 (Fed. Cir. 2003), which was

5

issued on the same date as *Vaughn*). In *Motorola*, the Federal Circuit concluded that remands to administrative agencies "may constitute the securing of relief on the merits" but not every remand constitutes a grant of relief on the merits. *Motorola*, 336 F.3d at 1365. The Federal Circuit noted its holding in *Vaughn* (1) that a remand to an administrative agency to consider the effects of legislation enacted while the case was on appeal does not constitute securing relief on the merits and (2) that a remand for consideration of new evidence discovered for the first time while the case was on appeal is not relief on the merits. *Motorola*, 336 F.3d at 1366. In *Motorola*, the Federal Circuit reviewed an EAJA application based on a consent remand from the Court of International Trade to the Department of Labor. In contrast to the remand for readjudication in *Vaughn*, the remand order in *Motorola* was based upon the parties' agreement that the Department of Labor "had erred in its action" on the appellants' application for worker adjustment benefits. *Id.* at 1362. This agreement between the parties was memorialized in the consent order requiring reconsideration of the negative determination by the Department of Labor. *Id.* The Court of International Trade granted the consent motion for remand, remanded the matter to the Department of Labor for reconsideration, but did not enter a judgment and retained jurisdiction. *Id.* On remand, the Department of Labor awarded the appellant the benefits sought, and the Court of International Trade then dismissed the case. *Id.* at 1363. The Federal Circuit held:

> [W]here the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction.

*Id.* at 1366. The Federal Circuit determined that the case before it fell into the second category and that the appellants qualified as prevailing parties under the EAJA. *Id.* at 1367.

The Federal Circuit also addressed the meaning of "prevailing party" in *Rice Services, Ltd. v. United States*, which involved a bid-protest action brought against the Department of the Navy, the Department's subsequent voluntary and unilateral decision to reevaluate the bids, and the Court of Federal Claims order that granted the Government's motion to dismiss the case for mootness. *Rice Servs.*, 405 F.3d 1017, 1018 (Fed. Cir. 2005). The Federal Circuit reversed the lower court's determination that Rice was a prevailing party under the EAJA. *Id.* The Federal Circuit summarized

its prior decisions, including *Motorola* and *Vaughn*, and stated that in order to demonstrate prevailing party status, an EAJA applicant must show that "it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those." *Rice Servs.*, 405 F.3d at 1025. It further stated that "court action is not 'equivalent' unless it carries sufficient judicial imprimatur to materially change the legal relationship of the parties." *Id.* at 1026. The Federal Circuit determined that the dismissal order of the Court of Federal Claims did not confer prevailing party status upon Rice because it did not carry sufficient judicial imprimatur to materially alter the legal relationship between Rice and the Navy. *Id.* at 1026-27. The Federal Circuit reasoned that the order was not an enforceable judgment on the merits because the court did not reach the merits, that the order was not a court-ordered consent decree because there is no evidence that the order "embodies an agreement between the parties," and that the order was not the equivalent of either of those two. *Id.* at 1027. The Federal Circuit distinguished *Motorola*, noting that the dismissal order in *Rice Services* was not a remand to an agency for further consideration or action by the Government based on a settlement agreement, but a dismissal in view of remedial action already implemented unilaterally and voluntarily by the Navy. As such, the EAJA application was based, in essence, on a "catalyst theory" claim for attorney's fees, which theory was rejected by *Buckhannon*. *Id.* at 1028.

More recently, the Federal Circuit addressed the meaning of "prevailing party" in *Akers*, *supra*. In *Akers*, the Federal Circuit determined that EAJA applicants Akers and Briddell were not prevailing parties and affirmed this Court's decisions denying both EAJA applications. *Akers*, 409 F.3d at 1357. Relying on its decision in *Vaughn*, *supra*, the Federal Circuit held that where an appellant receives a remand solely on the basis of a change in law, e.g., the intervening passage of the VCAA (*Briddell* appeal), or where an appellant receives a remand in order for VA to address a new legal theory that arose from an intervening court decision, e.g., the intervening decision in *Gordon*, *supra*, that offered a new method other than waiver to forgive a debt to VA (*Akers* appeal), the appellant is not a prevailing party because in both situations the appellants receive "only the opportunity for further adjudication." *Akers*, 409 F.3d at 1359. The Federal Circuit concluded that, as in *Vaughn*, the remands did not involve the merits of the cases and, therefore, produced no change in the legal relationship between the appellants and the Secretary. *Id.* at 1359-60. The Federal

7

Circuit also concluded that the court's actions in remanding the matters afforded no judicial approval to any alteration in the legal relationship between the appellants and the Secretary. *Id.*

The Federal Circuit's decision in *Akers* is not controlling here. The remands that formed the basis for the EAJA applications in *Akers* and *Vaughn* are distinguishable from the Court remand in the instant case. Unlike the remands in those cases, the remand here was based on a joint motion for remand in which the Secretary conceded that the Board had committed error in its decision on the merits of Mr. Zuberi's claim. The joint motion here thus changed the relationship between the parties on the merits, *see Motorola*, 336 F.3d at 1366, and the Court specifically based its remand on that joint motion. The Court remand here was, therefore, predicated upon "administrative error." *Rollins v. Principi*, 17 Vet.App. 294, 298-99 (2003) (holding that appellant did not attain status of prevailing party where there was (1) no Court recognition of administrative error in the Court remand order because the order did not incorporate the terms of the parties' joint motion but rather was based only on the enactment of the VCAA and (2) Secretary did not concede administrative error in the joint motion granted by that order); *see McCormick v. Principi*, 16 Vet.App. 407, 411-12 (2002) (holding that appellant attained prevailing party status based upon "remand predicated upon administrative error" where there was a Court determination of error and Court's remand language clearly indicated that the remand was based on that error).

Contrary to the Secretary's assertions, *Akers* did not change the focus for determining prevailing party status from a standard that looks to the basis for the remand to one that looks to the "outcome of the remand." *Akers* simply did not involve a remand that was predicated on an administrative error. *Akers* did not overrule *Motorola*, which provides the controlling law. Here, Mr. Zuberi qualifies as a prevailing party because he secured a remand based on an agency concession of error, and the Court ordered further agency action without retaining jurisdiction. Pursuant to *Motorola*, under such circumstances, prevailing party is determined "without regard to the outcome of the agency proceedings." *Motorola*, 336 F.3d at 1366. Also contrary to the Secretary's contention, the remand here did not preserve the status quo between the parties at the time just prior to the 2004 Board decision because the remand requires the Board to apply the 1999 rating criteria to the appellant's claim, and the Board did not previously apply such criteria when it

adjudicated the claim in 2004.  Accordingly, Mr. Zuberi is a prevailing party and there being no other dispute over his EAJA application, it will be granted.


### III.  CONCLUSION

Upon consideration of the foregoing analysis, the appellant's May 2005 EAJA application is GRANTED in the amount of $6,051.54.