LANCE, Judge,
concurring:
I concur with the conclusion reached by the majority that the appellant is not eligible for an award under the EAJA. That is the appropriate disposition in light of the recent decision in Smith v. Nicholson, 451 F.3d 1344 (Fed.Cir.2006) (Smith II) (reversing this Court’s decision for failure to give appropriate deference to the Secretary’s interpretation of his own regulations). I write separately because I believe that our review of Mr. Vahey’s EAJA application should not be governed by an analysis of whether the Clerk’s June 2, 2005, remand order contained an explicit finding of error, but rather by the Federal Circuit’s decision. Based on the Federal Circuit’s decision in Smith II, the Secretary’s legal position was more than justified — it was correct. Accordingly, I believe it is within our power to reject Mr. Vahey’s application solely because the Secretary’s position was substantially justified. See Commissioner, INS v. Jean, 496 U.S. 154, 160, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (“The single finding that the Government’s position lacks substantial justification, like the determination that a claimant is a ‘prevailing party,’ thus operates as a one-time threshold for fee eligibility.”); see also Johnson v. Principi, 17 Vet.App. 436, 440 (2004); Swiney v. Gober, 14 Vet.App. 65, 70 (2000).
The majority opinion concludes that Mr. Vahey is not a prevailing party because there is no explicit finding of error in the Court’s remand order. This holding belies the nature of the eases stayed by this Court pending its decision in Smith v. Nicholson, 19 Vet.App. 63 (2005) (Smith I). In this instance, Mr. Vahey’s appeal was stayed pursuant to a joint motion. The parties recognized that there were “numerous” other cases pending before the Court “in which the issue presented is identical to the instant appeal, i.e., whether the VA rating schedule ... entitles a veteran with service-connected tinnitus in both ears ... to two separate 10 percent ratings to be combined in accordance with 38 C.F.R. § 4.25 (2003).” Joint Motion (Mot.) at 1 (emphasis added). The reason *213 that the parties appropriately noted that the issue was “identical” was that the Board decision in Mr. Vahey’s case — like many dozens of others on appeal at that time — was based on a ruling of law that was not fact specific, i.e., the Board’s holding that dual ratings for bilateral tinnitus are never permitted. The motion to stay filed by the parties further provided that
[disposition of the pending cases in which briefing is complete and the appeals have been submitted to the Court will likely control the disposition of this appeal. A stay of proceedings in this case is in the interest of judicial efficiency because such a stay will eliminate the need for processing by the Clerk’s office, the Central Legal Staff, and one or more judges of the Court.
Id. at 2 (emphasis added). Accordingly, the parties clearly believed that the fate of Mr. Vahey’s appeal would turn solely on the correctness of the determinative ruling of law in whichever pending case first reached that issue.
After the parties filed their joint motion, the Court’s decision in Smith I held that “[bjased on the plain language of the regulations [ (38 C.F.R. § 4.25(b) (2005) and DC 6260) ], the ... pre-1999 and pre-June 13, 2003, versions of DC 6260 required the assignment of dual ratings for bilateral tinnitus.” Smith I, 19 Vet.App. at 78. Thus, the Court reversed the Board’s decision that under 38 C.F.R. § 4.87a (2005), DC 6260, bilateral tinnitus does not entitle a veteran to two 10% ratings, one for each ear, and remanded the matter for readju-dication to determine whether the appellant had bilateral tinnitus, and, if so, for assignment of a rating consistent with the Court’s opinion. Id. In so doing, the Court invalidated a VA General Counsel precedent opinion, which held that separate ratings for bilateral tinnitus may not be assigned under DC 6260. Id. The Court’s decision in Smith I was not based on the facts of that case or any application of the law to the evidence. Rather, it was purely a ruling of law that dual ratings for bilateral tinnitus were authorized by regulation.
The ruling in Smith I resulted in a May 4, 2005, order from the Court dissolving the stay of proceedings and indicating that Mr. Vahey’s case would be remanded “for readjudication in light of Smith,” unless either party objected within 21 days from the date of that order. After no objection was received, the Clerk of the Court issued a June 2, 2005, order that remanded the appeal “for readjudication in light of Smith.” The face of the Clerk’s June 2 remand order reflected the parties’ prior agreement and understanding that Smith I had resolved the only issue on appeal.
As we recently recognized, the fundamental question controlling an analysis of prevailing-party status is whether the remand “changed the relationship between the parties on the merits.” Zuberi v. Nicholson, 19 Vet.App. 541, 546-47 (2006) (citing Former Employees of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1366 (Fed.Cir.2003)); see also Tex. State Teachers Ass’n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). We also reaffirmed in Zuberi that for purposes of this analysis, it is not relevant whether the appellant will necessarily prevail in obtaining the benefit sought. 19 Vet.App. at 547. In Mr. Vahey’s case, the Board originally held that the appellant was barred from the benefit he sought because it did not exist as a matter of law.[1] Regardless of *214 whether our remand order explicitly stated that the Board erred, on remand the appellant was armed with a decision by this Court that stated in no uncertain terms that the benefit did exist. Moreover, that was the decision cited by the Court as its basis for ordering the remand. Hence, on remand the appellant was facing only an evidentiary hurdle instead of a complete legal prohibition. If that decision is not sufficient to establish a material change in the relationship of the parties for purposes of prevailing-party status, then we have set the bar too high. Indeed, if that decision is not enough, then the Court has imposed a new requirement that the veteran obtain nothing short of a complete victory on remand-in contrast with existing precedent. See Former Employees of Motorola, 336 F.3d at 1366 (“[W]here the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction.”).
The majority erroneously asserts that the Court “never reached the merits of the case.” If this statement were true, then the Court’s June 2, 2005, order was ultra vires. The Court has the power to remand a case to the Board only where it is “appropriate” to do so. 38 U.S.C. § 7252. In this case, the only possible appropriate basis suggested by the Court’s order is that the Board’s decision was erroneous because its ruling of law was incorrect. If the Court did not conclude that Smith I was controlling on the legal issue that was the sole basis for the Board’s decision on appeal, then it should not have remanded matter. Moreover, it is not clear how the majority imagines that the Board could have concluded that Smith I was not controlling on remand had it been affirmed. Although Mr. Vahey may not have been awarded benefits, the Board was obligated to recognize that the legal bar it previously asserted did not exist. The majority simply does not explain how the Court could have determined that this case was “appropriate” for remand without a joint motion by the parties unless the Court looked at the basis of the Board decision and identified Smith I as dispositive of the legal issue that was the sole basis of that decision. To believe that the merits were not reached by the Court is to believe that this ease was chosen at random by the Clerk, who arbitrarily cited Smith I in issuing his May 4 and June 2, 2005, orders. That simply did not occur. The Court exercised deliberate decisionmaking in identifying this case and ordering that it be remanded under Smith I. Prevailing-party status should not be a semantics game, but should be based on the substantive reason that the Court concluded was an appropriate basis for the exercise of our power to remand.
To be clear, there are many times where it is appropriate to remand a case to the Board without a finding of error. For example, a remand without error is appropriate based on an intervening change in relevant law. See, e.g., Vaughn v. Principi, 336 F.3d 1351 (Fed.Cir.2003) (finding no prevailing-party status for remand based on the passage of the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat.2096 (2000)). Another example of a remand without error would *215 be where a factual issue arises on appeal to this Court that is properly addressed by the Board in the first instance. See, e.g., Gordon v. Principi, 17 Vet.App. 221, 224 (2003) (finding no prevailing-party status where the appellant raised for the first time on appeal an issue that required a remand to the Board for initial factfind-ing); see also Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1025 (Fed.Cir.2005). However, this case does not involve either an intervening change in law or an analysis that was in any way factual. In this case, the Board made a decision that was purely a ruling of law and the Court remanded the matter by citing a case that unquestionably reversed the specific ruling of law relied upon by the Board. Under these circumstances, either the citation to Smith I was controlling or the order was devoid of any appropriate basis for ordering a remand.
Finally, I would note that the language of the remand order may be critical where there is more than one possible appropriate basis for a remand and not all possible bases would lead to prevailing-party status. However, this is not that case. The Court’s action in this case was lawful only if it concluded that Smith I was on point. The majority does not offer any appropriate basis for vacating the Board decision in this case if Smith I was not on point. Accordingly, there is no ambiguity to be resolved by a close reading of the language of the order.
Although I respectfully disagree with the majority’s holding that the appellant is not a prevailing party, I am more troubled by its discussion of prevailing-party status in the first place. The fundamental issue in resolving prevailing-party status in this case comes down to the interpretation of the Court’s May 4 and June 2, 2005, orders. These orders are so brief and vague that it is quite possible that when deciding not to object based on the May 4, 2005, order or not file a motion to vacate the June 2, 2005, order, both the appellant and the Secretary had opposing, yet reasonable, views that the prevailing-party issue would be resolved in his own favor. The appellant could easily (and correctly in my view) have believed that the Court determined that Smith I was controlling in his case, while the Secretary arguably could have believed that the Court determined only that Smith I was potentially applicable. The ambiguity in these orders is the fault of the Court, not the parties, and the confusion caused by the Court’s imprecise drafting should not be a basis for determining whether EAJA fees should be awarded.
The simple fact of the matter is that the Court remanded Mr. Vahey’s claim, as well as dozens of others, for the sake of efficiency — an otherwise honorable goal. However, the Court’s decision holds that its actions in those cases have foreclosed the possibility of an EAJA award. I am loathe to think that the Court has frustrated the purposes of EAJA in the pursuit of judicial economy. See Sullivan v. Hudson, 490 U.S. 877, 883, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989) (noting that prior to the EAJA, parties found it more practical to endure injustice in the face of governmental action than to contest it.). Moreover, I do not believe that these purposes are inconsistent. Had the Clerk’s order been drafted with more clarity, so that the “appropriate” basis for the remand order was stated in no uncertain terms, then this issue could have been avoided altogether without unnecessarily consuming the Court’s resources. In short, I suspect that this case is a prime example of the adage that “bad facts make bad law.”
The Court is not without recourse as the Federal Circuit has provided the Court with a basis on which to dispose of the *216 issue at hand rather than delving into a mire of our own making: Because the Secretary’s legal position before the Board has been vindicated, the appellant’s EAJA application must be denied as it has not met the requirements under 28 U.S.C. § 2412(d)(1)(A) (precluding EAJA award if the Court determines that the position of the United States was substantially justified). The Federal Circuit’s decision notwithstanding, I would have concluded that the Secretary’s legal position was “justified to a degree that could satisfy a reasonable person.” Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). However, a more thorough discussion of that position is unnecessary in light of Smith II. Accordingly, I would deny this EAJA application on this basis only.

. The Court was able to identify the substance of the Board’s decision in Mr. Vahey's case, as well as all other identical tinnitus cases because, pursuant to Rule 4(c) of this Court’s *214 Rules of Practice and Procedure, the Secretary must file with the Clerk a copy of the Board’s decision in every case within 30 days of the Clerk's Notice of Docketing. See also Joint Mot. at 1.