LANCE, Judge,
concurring:
While I agree that the EAJA application must be denied in this case, I cannot agree with the majority’s analysis. This opinion perpetuates the fallacy that the Court can remand cases without any apparent basis for exercising its authority. See Vahey v. Nicholson, 20 Vet.App. 208, 214 (2006) (Lance, J., dissenting) (arguing it was inappropriate to deny the appellant prevailing party status without determining the basis of the remand). Even if the parties dispute the proper interpretation of their agreement, I believe it is the responsibility of the Court to determine the basis of the relief stated if necessary to resolve an EAJA application. The approach taken by the majority transfers the decision to award or deny EAJA fees to the Secretary regardless of whether the relief specified is tantamount to a material victory for the appellant. Accordingly, I cannot endorse the majority’s approach.
The essential deficiency of the majority’s analysis is that it purports to acknowledge that a JMR can contain an implicit admission of error and then renders that ac-knowledgement meaningless by holding that the Court cannot find an implicit admission by looking at the authority relied upon to support the JMR. As a result, it is not apparent that there is any possible way for the Court to find an implicit admission of error in practice. In my view, if the stated basis of a JMR is law that was in effect at the time of the Board’s deci *182 sion — such as a citation to a case that predates the Board’s decision — then the JMR is based upon administrative error even though it does not contain an explicit admission of such.
Rather than conduct a logical analysis of the JMR, the opinion spends four paragraphs on an irrelevant and incorrect analysis of our decision in Clemons. The discussion is irrelevant inasmuch as the opinion freely admits that its analysis has no impact on the outcome of this case. Ante at 180. The discussion is incorrect because it egregiously misstates the issue raised in Clemons. The issue in Clemons was not whether the Secretary has a duty to sympathetically read claims or whether the Board has a duty to discuss all issues raised by the record. If those were the actual issues in Clemons, then there would have been no need for a panel decision on whether or not to grant the JMR in that case. Rather, the issue in Clemons was “whether the Court has jurisdiction to grant a JMR that appears to pertain in part to an anxiety disorder claim that was not decided by the Board and is not properly before the Court.” 23 Vet.App. at 2 (citing Clemons v. Peake, No. 07-0558, 2008 WL 5082161, at *1 (Vet.App. Nov. 18, 2008)). In Clemons, the parties “agreed in their JMR that [that] case involve[d] two separate claims that are inextricably intertwined.” 23 Vet.App. at 4. After the Court sua sponte raised the potential jurisdictional defect, the Secretary argued that the Court lacked jurisdiction to grant the JMR to the extent that it addressed the merits of an inextricably intertwined claim that was not decided by the Board in the decision on appeal based upon the then-recent decision of the U.S. Court of Appeals for the Federal Circuit in Boggs v. Peake, 520 F.3d 1330 (Fed.Cir.2008). Clemons, 23 Vet.App. at 4. Ultimately, the Court agreed that it lacked jurisdiction over a claim not decided in the Board decision on appeal but concluded that the parties were mistaken in characterizing the matter as two inextricably intertwined claims rather than a single claim with multiple diagnoses. Id. at 9; see also Jarrell v. Nicholson, 20 Vet.App. 326, 331 (2006) (en banc) (both the Court and the Board lack jurisdiction over a claim not first presented and adjudicated by a regional office).
Hence, Clemons was in no way a decision about the Secretary’s duties to treat pleadings sympathetically. Rather, it was unambiguously a jurisdictional decision about identifying the scope of a claim. Prior to Clemons — and especially in light of Boggs — it was possible, if not likely, for the Board to conclude that it did not have jurisdiction over an issue raised by the record if the issue pertained to a diagnosis other than the one used by the regional office in deciding the claim. After Clemons it should be clear to the Board that it is not jurisdietionally barred from addressing errors that pertain to an alternative diagnosis for the same set of symptoms. Therefore, Clemons was clearly new law in holding that the scope of the Board’s jurisdiction was broader than previously understood, and the majority’s opposite conclusion is indefensible.
The second half the opinion’s analysis fares no better than the first. After concluding that Clemons was not new law, the majority holds that the appellant is not a prevailing party because the JMR “was based solely on the parties’ agreement to remand for Board consideration and discussion of Clemons without any admission or other discussion of error.” Ante at 181. However, this holding merely begs the question: If this was not a remand based upon administrative error even though Clemons was not new law, then what was the basis for ordering the Board to reconsider this case? It would seem from the *183 majority’s analysis that there was no basis for remanding this case. It was neither a remand based upon error nor a remand to consider new law. Apparently, it was a remand at the whim of the parties.
The majority acknowledges, as much, but concludes that the parties have such power because the Court has the discretion to remand a case in certain circumstances when an issue is raised for the first time on appeal. Ante at 178 (citing Maggitt v. West, 202 F.3d 1370, 1377-78 (Fed.Cir.2000)). I am highly skeptical of the assertion that parties have the right to invoke a discretionary power of the Court in a JMR. However, even assuming that the parties may exercise the Court’s discretion to remand a case without a finding of error, the analysis in this case would still be flawed. First, it is simply illogical to conclude — as the majority implicitly does — that the Board’s failure to address an issue reasonably raised by the record can be an appropriate basis for a Maggitt remand. If an issue was raised by the record before the Board, then it is not being raised for the first time on appeal to the Court. See Zuberi v. Nicholson, 19 Vet.App. 541 (2006) (awarding EAJA fees where the JMR directed the Board to address a regulation that it had failed to consider in its initial decision). Second, and more importantly, the majority creates a default rule that a JMR will be interpreted as a Maggitt remand if it does not contain magic language admitting error. If anything, the default rule should be that a JMR based upon law that was clearly established prior to the Board decision is a remand based upon an implicit admission of error. Only if the JMR purports to invoke Maggitt would I even reach the issue of whether the parties can exercise a discretionary power of the Court in a JMR.
Contrary to the majority’s opinion, I do not believe the question of whether a JMR confers prevailing party status depends upon the Secretary’s willingness to admit error in the motion. Rather, I believe that the determination of whether there was an implicit admission of error should be based upon an objective analysis of the relief agreed upon in the motion. As this Court recognized in Zuberi, whether an appellant is a prevailing party depends upon whether the relief obtained from the Court represents a material alteration in the relationship between the parties on the merits. 19 Vet.App. at 547. In cases where the parties dispute prevailing party status in a case remanded by agreement, it is the responsibility of the Court to examine the specific relief stated in the order and make an independent determination. As pertains to the agreement in this case, prevailing party status is not conferred where the relief obtained is “ ‘only the opportunity for further adjudication.’ ” Id. at 546 (quoting Akers v. Nicholson, 409 F.3d 1356, 1359 (Fed.Cir.2005)). As quoted in the majority’s opinion, the relief stated in the JMR was a remand to “ ‘consider and address the legal proposition outlined in Clemons as it applies to the particular facts of this case.’ ” Ante at 177 (quoting JMR at 3). This clearly falls within the category of a remand only for further adjudication to consider intervening law, which does not confer prevailing party status. See Zuberi, 19 Vet.App. at 546 (citing Akers, 409 F.3d at 1357). Therefore, I would deny prevailing party status based upon an analysis of the relief stated in the JMR rather than the Secretary’s refusal to concede error.
The authorities cited by the majority are not contrary to my position. First, in Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, there was no agreement between the parties. 532 U.S. 598, *184-186 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Instead, the merits case supporting the EAJA petition was dismissed as moot when the statute at issue was amended to eliminate the provision in contention. Id. at 601, 121 S.Ct. 1835. The Supreme Court affirmed the denial of attorney fees and held that EAJA fees could not be awarded on a “catalyst” basis where the relief obtained was not achieved through any kind of enforceable court order. Id. at 609-10, 121 S.Ct. 1835. The Court specifically held that EAJA does not provide courts with “ ‘roving authority ... to allow counsel fees as costs or otherwise whenever the courts might deem them warranted.’ ” Id. at 610, 121 S.Ct. 1835 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc’y, 421 U.S. 240, 260, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). I do not advocate the exercise of any type of “roving authority.” I merely take the position that the Court may conclude that the relief specified in the JMR was based upon administrative error even though the Secretary refuses to incorporate language explicitly conceding error.
Our decision in Sumner v. Principi is also easily distinguished. 15 Vet.App. 256 (2001) (en banc). In that case, the appellant filed new evidence with the Board after its decision and the Court granted the Secretary’s unopposed motion to remand the case after the Board Chairman indicated that he was inclined to grant the appellant’s motion for Board reconsideration to consider the new evidence. Id. at 257. The Court considered the Supreme Court’s then-recent decision in Buckhan-non and concluded that EAJA fees could not be awarded because the resolution did not “materially alter the legal relationship of the parties.” Id. at 264. Nothing in Sumner stands for the proposition that the relationship between the parties cannot be materially altered by a JMR unless the Secretary explicitly concedes error. In my view, EAJA fees should turn on the nature of the relief stated in the JMR rather than the Secretary’s willingness to include magic language. The majority’s magic-language approach to EAJA analysis gives the Secretary the power to deny EAJA fees even in cases where the relief stated cannot be interpreted as anything other than a concession of error. Although I have so far seen no evidence that the Secretary has misused the power created in Vahey, there is no reason to create a situation where the Secretary can pit counsel against client by offering a JMR that effectively requires counsel to forgo EAJA fees so that the client can obtain relief that can be understood only as based upon administrative error by the Board. Accordingly, I cannot concur in the majority’s analysis.