LANCE, Judge,
dissenting:
With due respect for my colleagues, as I would hold that the appellant is a prevailing party, I must dissent. To be a prevailing party, and to be brought across the threshold so as to be entitled to “reasonable” attorney fees and expenses, the appellant need only prevail “on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.” Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (stating that prevailing-party status is a “generous formulation that brings the plaintiff only across the statutory threshold”). This Court has stated that “in order to attain prevailing-party status, a party is required to receive at least some relief on the merits of his claim.” Sumner v. Principi, 15 Vet.App. 256, 261 (2001) (en banc) (internal quotation marks omitted). This Court has also emphasized that whether an appellant is a prevailing party depends on whether the relief obtained from the Court represents a material alteration in the relationship between the parties on the merits. Zuberi v. Nicholson, 19 Vet.App. 541, 547 (2006). Zuberi further described this requirement as one that requires the appellant to receive either “(1) the ultimate receipt of a benefits that was sought in bringing the litigation, i.e., the award of a benefit, or (2) a court remand predicated upon administrative error.” Id. at 544.
This case can be viewed through two distinct lenses, either of which result in a holding that the appellant is a prevailing party. The most applicable test for this unusual situation is whether nullifying the January 2012 Board decision represents a material alteration in the relationship between the parties on the merits. Id. at 547.
First, with respect to the appellant’s claim for disability compensation benefits for bilateral hearing loss, it is true that the January 2012 Board decision again denied the appellant’s claim, as had the Board previously in November 2011. However, I believe the majority understates the importance of the Court’s vacatur. Vacating the January 2012 Board decision in this case was necessary for the underlying appeal of the November 2011 Board decision to be remanded in accordance with the parties’ joint motion for partial remand (JMPR).[4] Hence, the nullification of the January 2012 Board decision was necessary to the ultimate relief received on the merits of the original appeal. See Zuberi, 19 Vet.App. at 547.
*355 Second, as to that aspect of the January 2012 Board decision, which in no uncertain terms “vacated” the November 2011 Board decision “granting service connection for peripheral neuropathy of the right and left lower extremities,” Michael J. Garsow, BVA 08-07-573, at 11 (Jan. 23, 2012) (emphasis added), the parties agreed that the Board’s decision was issued without jurisdiction and should be vacated accordingly. See March 5, 2012, Joint Motion to Vacate. I would hold that the Court’s vacatur of a Board decision that vacates a prior grant of benefits, agreed upon by the parties to be issued ultra vires, is sufficient for the appellant to be brought across the threshold so as to be entitled to “reasonable” attorney fees and expenses. See Hensley, 461 U.S. at 433, 103 S.Ct. 1933. While the majority appears to question correctness of the parties — and the Court — in the underlying litigation, see ante at 350, that horse has left the barn, and the Court’s order granting the parties’ joint motion to vacate is the mandate of the Court. See Hensley, 461 U.S. at 437, 103 S.Ct. 1933 (“A request for attorney’s fees should not result in a second major litigation.”).
I also disagree with the majority’s reliance on Halpern v. Principi, 384 F.3d 1297 (Fed.Cir.2004), here, as that case is inapposite. Unlike Halpem, the Court here did not “merely remand[] this case for the Board to dismiss this action for lack of jurisdiction.” Id. at 1306. Rather, the Court vacated the Board’s January 2012 decision, which effectively severed the Board’s previous November 2011 award of service connection. In light of this, I cannot endorse the majority’s view. The majority provides no explanation for how its conclusion — that “the Court’s vaca-tur of the entire January 2012 Board decision left in place the November 2011 Board decision awarding [the appellant] benefits for neuropathy,” ante at 353— does not represent a material alteration in the relationship between the parties on the merits. Zuberi, 19 Vet.App. at 547. Contrary to the majority’s tortured explanation, the Court’s vacatur of the January 2012 Board decision resulted in a restoration of the grant of service connection awarded in the November 2011 Board decision.
The majority put much stock in the Board’s ability to replicate the findings of the January 2012 Board decision in a subsequently issued Board decision that is not before the Court in this case. Ante at 353-54. Assuming that the Court could consider such subsequent Agency action in this case, but see 38 U.S.C. § 7252(b), the Board’s issuance of a new decision (exercising its independent authority to vacate a prior Board decision under 38 C.F.R. § 20.904[5]), which reaches the same result, has no bearing on whether the appellant is a prevailing party in the instant appeal.
Despite the majority’s view that “the vacatur of the January 2012 Board decision provided only minimal relief with no permanent effect on the merits of the underlying claim,” ante at 353 (emphasis added), as the majority plainly recognizes: “whereas the November 2011 Board granted service connection for [the appellant’]s neuropathy, the January 2012 Board remanded this issue for further development,” id. at 350 (emphasis added). These statements by the majority are irreconcilable, and the relief here was permanent until the Board issued a new decision pursuant to § 20.904.
*356 Finally, I note that the majority’s holding appears at odds with this Court’s case-law, which has held that a reasons-or-bases remand represents “a material alteration in the relationship between the parties on the merits,” regardless of the fact that such a remand may not result in any “permanent” relief. See Zuberi, 19 Vet.App. at 546-47 (a remand based on procedural error — such as a reasons-or-bases deficiency — is more than just an opportunity for further adjudication; it is a material alteration of the legal relationship between the parties that confers prevailing-party status). Given that the Court has held that a reasons-or-bases remand satisfies the test for prevailing party status, complete nullification of a Board decision must dictate the same result.
Ultimately, it is clear that the EAJA was meant to allow claimants to challenge unlawful Government actions without being deterred by the costs associated with litigation. See Scarborough v. Principi, 541 U.S. 401, 406, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004) (citing note following 5 U.S.C. § 504 (“It is the purpose of this title ... to diminish the deterrent effect of seeking review of, or defending against, governmental action.... ”)). There is no question that the parties agreed that the Board’s decision here was unlawfully issued. Thérefore, this is exactly the type of situation where an award is appropriate, as veterans should not be deterred from seeking to nullify such decisions.
Parenthetically, I note that the Secretary initially agreed to pay $796.26 in attorneys fees to the appellant and the parties were “at peace” with one another. Secretary’s May 18; 2012, Response. Only after extensive delay in this Court, over matters not raised by either of the parties, has this matter reached resolution.
I would award the $796.26 in fees to the appellant as requested, a mere fraction of the costs incurred in the “over processing” of this appeal thru no fault of either party.

. Indeed, docketed under number 12-103, the underlying appeal involving the November 2011 Board decision reflects that the parties’ JMPR, filed on March 5, 2012, was originally granted by the Court on March 9, 2012. However, three days later, the Court issued an order recalling mandate and holding that the March 9, 2012, order was “issued in error and will be revoked.” Garsow v. Shinseki, U.S. Vet.App. No. 12-0103 (Mar. 12, 2012) (unpublished order). It was then not until after the Court issued its May 9, 2012, order vacating the Board’s decision on appeal in the instant case, that the Court ultimately issued the order granting the parties' JMPR in the underlying appeal. See Garsow v. Shinseki, U.S. Vet.App. No. 12-0103 (May 22, 2012) (unpublished order).

. Section 20.904 of title 38, Code of Federal Regulations provides that, under certain circumstances, "[a]n appellate decision may be vacated by the Board ... at any time upon request of the appellant or his or her representatives, or on the Board’s own motion."