MOORMAN, Judge,
dissenting:
It is a peculiar logic that results in the issuance of a majority opinion on behalf of “the United States Court of Appeals for Veterans Claims” and then, in effect, declares that our decisions are no longer controlling on the Secretary or the Board. Such muddled thinking would render us nothing more than an advisory body with no authority to bind either VA or the Board. In the eyes of the majority, we ceased to be a “court of appeals” as soon as we rendered our precedential decision in Johnson v. Shinseki (Johnson I), 26 Vet.App. 237 (2013) (en banc), for, by the majority’s reasoning, a wise Secretary and Board would not have followed our decision unless or until it was declared correct by the Federal Circuit. Thus, today’s majority holding, in effect, eviscerates this Court’s authority to bind the Secretary.
The majority has concluded that the appellant was the prevailing party in this case and that the VA’s position at the administrative stage was not substantially justified. My dissenting colleagues have explained why the Secretary was substan *111 tially justified at the administrative stage. And, I add a brief statement to what they have clearly and logically stated. I emphasize only that when Butts was decided by the Board, recognizing this Court’s status as the single Federal court having jurisdiction to hear appeals from final VA decisions, Johnson I was the law of the land. Yet, the majority concludes that the Board was not substantially justified in applying the regulation at issue in a manner entirely consistent with Johnson I. When our superior appellate court later found that the plain language of the regulation was at odds with the Secretary’s argued reading of his regulation, VA promptly sought to remand Butts to the Board for application of 38 C.F.R. § 3.321(b)(1) as read by the Federal Circuit. This is clearly not the factual and judicial context contemplated by the EAJA for finding as not substantially justified the Government’s positions at either the administrative or litigation stage of the proceedings.
But, more than that, the Secretary here challenges the assertion that Mr. Butts was the prevailing party. “Prevailing party status requires either (1) the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award of a benefit, or (2) a court remand predicated upon administrative error.” Zuberi v. Nicholson, 19 Vet.App. 541, 544 (2006) (citing Sumner v. Principi, 15 Vet.App. 256, 264 (2001) (en banc), aff'd sub nom. Vaughn v. Principi, 336 F.3d 1351 (Fed.Cir.2003)). The majority summarily disposes of this argument by saying that the language in the JMPR expressly concedes error because the Secretary agreed that the Board decision “does not comply with the requirements of 38 C.F.R. § 3.321.” That one sentence, however, must not be read in isolation from the sentences immediately following it in the JMPR. Those sentences discuss the holding by the Federal Circuit in Johnson II and the parties’ agreement that “[tjherefore, ... remand is warranted for the Board to consider and apply the Federal Circuit’s holding in Johnson.” Mar. 9, 2015, Joint Motion for Partial Remand at 2; cf. Air-Sea Forwarders, Inc. v. United States, 166 F.3d 1170, 1172 (Fed.Cir.1999) (“[A]n agreement is not to be read in a way that places its provisions in conflict, when it is reasonable to read the provisions in harmony.... [T]he provisions must be read together in order to implement the substance and purpose of the entire agreement.”). This was clearly meant to be a statement of the law as it existed at the time the JMPR was agreed upon. And, the controlling law on that date was the Federal Circuit’s decision in Johnson II. I would hold that Mr. Butts was not a prevailing party in this case.
Mere agreement by the Secretary that Johnson II had changed the permissible interpretation of § 3.321(b)(1) after the Board’s decision does not constitute an admission of administrative error (implicitly or explicitly) by the Secretary. The JMPR did not state that the Board misapplied the law at the time of the Board’s decision. The appellant received merely “the opportunity for further adjudication”—to present to the Board additional arguments concerning the scope of § 3.321(b)(1), in light of new caselaw, as applied to the facts in his case. Zuberi, 19 Vet.App. at 546 (quoting Akers v. Nicholson, 409 F.3d 1356, 1359 (Fed.Cir.2005)); Vaughn, 336 F.3d at 1355-56; Sumner, 15 Vet.App. at 264; see also Buckhannon Board & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); Brickwood Contractors, Inc. v. United States, 288 F.3d 1371 (Fed.Cir.2002); cf. Gordon v. Principi, 17 Vet.App. 221, 224 (2003) (holding that the appellant was not a prevailing party where the Court re *112 manded a waiver request to the Board for it to consider, in the first instance, the argument regarding the applicability of a particular regulation to her waiver request and where consideration of the regulation might require factual findings regarding whether the appellant met the requirements of that regulation). Prevailing-party status, however, requires more than a remand that calls for further Agency proceedings; it requires that the remand be based on Agency error. See Dover v. McDonald, 818 F.3d 1316, 1319-20 (Fed.Cir.2016).
The remand here was not based on Agency error; rather, it was based on an agreement by the parties that Johnson II was an intervening change in the interpretation of VA’s regulation § 3.321(b)(1) and that the Board should consider the new interpretation on remand. Moreover, the remand did not provide Mr. Butts with “the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award of a benefit.” Zuberi, 19 Vet.App. at 544.